UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TYRONE LEE WILLIANS,

v.  Case No. 8:10-cr-96-T-17MAP
8:11-cv-2084-T-17MAP

UNITED STATES OF AMERICA.
_____

O R D E R

This cause if before the Court on Tyrone Lee Williams' unopposed 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (hereinafter "motion" or "motion to vacate"). (Doc. cv-1; cr-215).

BACKGROUND

On October 1, 2010, Williams was sentenced to 262 months incarceration and 60 months supervised release. Williams' date of judgment of conviction was October 1, 2010. Williams was sentenced after August 3, 2010, in violation of the Fair Sentencing Act of 2010 (FSA). Williams did not file a direct appeal and has not previously filed a motion to vacate.

DISCUSSION

On August 3, 2010, Congress enacted the FSA. Williams was sentenced on October 1, 2010, but the Court did not apply the provisions of the FSA at his sentencing. Binding Eleventh Circuit precedent now holds that the FSA applies to all defendants sentenced for crack cocaine offenses on or after August 3, 2010. *See United States v. Rojas*, 645 F.3d 1234 (11th Cir. 2011). The Department of Justice agrees that the FSA requires the application of the FSA's new mandatory minimum sentencing provisions to all sentencings that are conducted on or after August 3, 2010, regardless of when the offense conduct

occurred. See Attorney General Eric Holder's Memorandum, dated July 15, 2011. Because the Court did not apply the FSA at Williams' sentencing on October 1, 2010, the Government and Williams agree that Williams should be resentenced under the FSA. The Court construes this agreement to Williams' resentencing, as evidenced by the unopposed motion to vacate, to mean that the Government will not enforce the appeal waiver in Williams' plea agreement. Accordingly, the Court orders:

1. The parties shall submit, **on or before October 10, 2011**, a **joint** sentencing memorandum reflecting the **parties' agreement** as to what Williams' sentence should be under the FSA. If the parties are in agreement as to what Williams' sentence should be, the Court will grant the motion to vacate, resentence Williams, and enter a judgment without a resentencing hearing.

2. If necessary, the Court will set a resentencing hearing. If and when the date of the resentencing is set, the Government is ordered to produce Williams for the hearing. The government will prepare the necessary paperwork and submit the paperwork to the United States Marshals Service to ensure that Williams is present at the hearing. The Government shall file a copy of the paperwork in this Court.

ORDERED at Tampa, Florida, on September 23, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

FPD: Rosemary Cakmis
AUSA: James A. Muench